# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:07cr39-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GAVIN COLVIN. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 146], Motion to Grant Defendant's Motion to Dismiss [Doc. 147], and Motion Requesting Court Grant Motion to Dismiss [Doc. 149].

## PROCEDURAL HISTORY

On October 1, 2007, the Defendant and four co-conspirators were charged with conspiracy to distribute and to possess with intent to distribute methamphetamine. [Doc. 1]. The Defendant elected to go to trial and on February 5, 2008, he was found guilty of the conspiracy charge. [Doc. 78]. The jury answered an interrogatory in which it found that at least 500 grams of methamphetamine were involved in the conspiracy and that

involvement was either known to the Defendant or reasonably foreseeable to him and in furtherance thereof. [Id.]. On December 5, 2008, the Defendant was sentenced to 121 months imprisonment. [Doc. 113]. The Defendant appealed his conviction and sentence. [Doc. 109, Doc. 116].

The pending motions were filed while the Defendant's direct appeal remained pending. In the second and third motions, the Defendant claims that the Court ordered the Government to respond to the motions and because the Government did not do so, he is entitled to the relief sought. The record of the case, however, does not show that the Government was ordered to respond. On November 24, 2009, the United States Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. United States v. Colvin, 353 Fed.Appx. 847 (4th Cir. 2009).

## DISCUSSION

The Defendant has moved pursuant to Federal Rule of Criminal Procedure 12(b)(2) to dismiss the bill of indictment. That rule provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). Obviously, this motion, made after the trial and sentencing and while the case was on appeal, is untimely.

Indeed, the grounds raised in the motion are more properly stated in connection with a motion pursuant to 28 U.S.C. §2255. Because the time within which the Defendant must file such a motion has not yet expired, the Court will not construe this motion as one brought pursuant to §2255.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 146], Motion to Grant Defendant's Motion to Dismiss [Doc. 147], and Motion Requesting Court Grant Motion to Dismiss [Doc. 149] are hereby **DENIED**.

Signed: April 29, 2010

Martin Reidinger
United States District Judge