# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:07cr39-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GAVIN COLVIN. | ) | |

**THIS MATTER** is before the Court on the Defendant's document captioned "Petitioner *Pro Se* Motion for Relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to Void the Previously Judgment Dated April 29, 2010, *Nunc Pro Tunc* and Open the Way for Further Proceeding" [Doc. 152].

After the Defendant was tried and sentenced and while his case was on appeal, he moved to dismiss the bill of indictment. [Doc. 146; Doc. 147; Doc. 149]. The Court denied his request in April 2010. [Doc. 151]. Four months later, the Defendant filed this motion, invoking the Federal Rules of Civil Procedure in a criminal case and declaring the Order denying his motion to dismiss the indictment to be void.

The Court has reviewed the motion and finds that the Defendant has not stated any grounds for relief.  The pleading is frivolous and the Defendant is placed on notice that the Court will not continue to entertain frivolous filings.

Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive or vexatious motions.  Demos v. Keating, 33 Fed.Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001), *certiorari denied* 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); In re Vincent, 105 F.3d 943 (4th Cir. 1997).  District courts have inherent power to control the judicial process and to redress conduct which abuses that process.  Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted).  "It is well-established law in this circuit that a district court may establish a system of 'pre-filing review of complaints brought by prisoners with a history of litigiousness.'" In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (citation omitted).

The Defendant is hereby warned that future frivolous filings will result in the imposition of a pre-filing review system.  Cromer v. Kraft Foods North America, Inc., 390 F.3d 812 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997).  If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous.  Foley v. Fix, 106 F.3d 556 (4th Cir.

1997); In re Joseph Marion Head, 19 F.3d 1429 (4th Cir. 1994), *certiorari denied* 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. See, 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Defendant's document captioned "Petitioner *Pro Se* Motion for Relief pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to Void the Previously Judgment Dated April 29, 2010, *Nunc Pro Tunc* and Open the Way for Further Proceeding" [Doc. 152] is hereby **DENIED**.

Signed: October 1, 2010

Martin Reidinger
United States District Judge