# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:07cr39-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GAVIN COLVIN. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Clarification of Court Order Dated Oct. 1, 2010 [Doc. 154] and the identical document apparently filed a second time [Doc. 155].

## PROCEDURAL HISTORY

On October 1, 2007, the Defendant and four co-conspirators were charged with conspiracy to distribute and to possess with intent to distribute methamphetamine. [Doc. 1]. The Defendant elected to go to trial and on February 5, 2008, he was found guilty of the conspiracy charge. [Doc. 78]. On December 5, 2008, the Defendant was sentenced to 121 months imprisonment. [Doc. 113]. The Defendant appealed his conviction and

sentence. [Doc. 109, Doc. 116].

While his case was on appeal, the Defendant moved to dismiss the indictment. [Doc. 146; Doc. 147; Doc. 149]. On November 24, 2009, the United States Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence. United States v. Colvin, 353 Fed.Appx. 847 (4th Cir. 2009). On return of the mandate to this Court, the Defendant's motions to dismiss were denied on April 30, 2010 as untimely. [Doc. 151]. In denying the motion, the Court noted that the grounds the Defendant sought to raise would be more appropriately brought pursuant to 28 U.S.C. §2255. [Id.]. The Court, however, did not re-characterize the motions. The Defendant did not appeal.

Instead, four months later, the Defendant filed a motion for relief from that Order pursuant to Federal Rule of Civil Procedure 60(b)(4). [Doc. 152]. That motion was denied on October 1, 2010 because the Defendant cited the Federal Rules of Civil Procedure in a criminal case and the Court found his filing frivolous. [Doc. 1].

The Defendant now moves for clarification of the October 1, 2010 Order so that he may file a notice of appeal.

**DISCUSSION**

Although the Defendant has not captioned the pending motion as one

for reconsideration, it appears that is the relief sought.[1] The Defendant "cannot point to any federal statute that expressly authorize[s] [a] motion for reconsideration [in the criminal context]; no such provision exists." United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir. 2010), *certiorari denied* 130 S.Ct. 3530, 78 USLW 3763 (2010); United States v. Hayes, 282 Fed.Appx. 281 (4th Cir. 2008) ("[T]he Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration and prescribe the time in which they must be filed[.]") (citations omitted). "Of course, the Federal Rules of *Civil* Procedure do not apply" to criminal cases. Goodwyn, 596 F.3d at 235 n.; Gray v. United States, 2010 WL 2600696 **2 (3rd Cir. 2010) ("Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases.").

"While district courts generally have 'inherent authority' to decide motions for reconsideration" of an order, as opposed to judgments, in a criminal case, the pending motion was filed almost four months after entry of the Order from which the Defendant seeks relief. Goodwyn, 596 F.3d at 236 (quotation omitted). If a motion to reconsider or for a rehearing is filed in a

---

[1] The Defendant also cites Federal Rules of Civil Procedure 52(a) and 54(b), neither of which is applicable for the same reasons as discussed *infra*.

3

criminal case before the time within which an appeal must be taken expires, the motion tolls the time to appeal until the motion is decided. <u>Hayes</u>, 282 Fed.Appx. at 282. Here, the Defendant submitted the motion to reconsider "well beyond the applicable period of time provided to notice an appeal of the [order] he sought the district court to reconsider." <u>Id</u>. As a result, the motion must be denied. <u>Id</u>.; <u>United States v. Wells</u>, 2010 WL 4306054 (4th Cir. 2010); <u>United States v. Wells</u>, 343 Fed.Appx. 877 (4th Cir. 2009); <u>United States v. Bell</u>, 142 Fed.Appx. 782 (4th Cir. 2005); <u>United States v. McKenzie</u>, 2009 WL 4893112 (W.D.N.C. 2009), *affirmed* 368 Fed.Appx. 410 (4th Cir. 2010).

# ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Clarification of Court Order Dated Oct. 1, 2010 [Doc. 154] and the identical document apparently filed a second time [Doc. 155] are hereby **DENIED**.

Signed: November 11, 2010

Martin Reidinger
United States District Judge